NOT DESIGNATED FOR PUBLICATION

No. 125,165

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MONICA ROSE MORALES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; GRANT D. BANNISTER, judge. Opinion filed December 2, 2022. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).

Before HURST, P.J., MALONE and BRUNS, JJ.

PER CURIAM: Monica Rose Morales appeals the revocation of her probation. This court granted Morales' motion for summary disposition under Kansas Supreme Court Rule 7.014A (2022 Kan. S. Ct. R. at 48). The State has filed no response.

In April 2021, the district court sentenced Morales to 30 months in prison for violating the Kansas Offender Registration Act. The district court granted a dispositional departure to 24 months' probation to be supervised by community corrections. The district court ordered Morales to obtain a drug and alcohol evaluation and promptly complete any recommended treatment as a condition of probation.

In September 2021, Morales stipulated to violating conditions of her probation including failing to attend outpatient treatment. The district court ordered Morales to serve a 60-day jail sanction with credit for time served and extended her probation for 24 months following her release from jail.

At a hearing on April 13, 2022, Morales again stipulated to violating some of the conditions of her probation including the requirement that she attend outpatient treatment. Morales asked the district court to continue her probation with placement in an available 12-month treatment program. Instead, the district court revoked her probation and ordered her to serve the original 30-month prison sentence. Morales timely appealed.

On appeal, Morales claims the district court "abused its discretion by revoking probation and ordering service of the underlying sentence." Morales does not elaborate on how the district court abused its discretion and concedes the court may revoke probation upon a showing of a violation.

The procedure for revoking a defendant's probation is governed by K.S.A. 2021 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

The district court showed leniency at sentencing by granting Morales a dispositional departure to probation. As a result, the district court did not have to impose an intermediate sanction before revoking Morales' probation. See K.S.A. 2021 Supp. 22-3716(c)(7)(B). Even after Morales violated her probation the first time, the district court

2

gave her another chance to comply with the conditions of probation. Still, Morales failed to enter and complete the required outpatient treatment program. In finally revoking Morales' probation, the district court stated:

> "This was presumptive prison at the time of sentencing, which should have been a huge red flag to you that you were on thin ice and had no margin for error. Despite that, the Court gave you another opportunity at your first probation violation hearing . . . . It took until September to get you back into court, and then by November we had another affidavit coming in with these violations, and we're five months down the road from there because you've got yourself locked up somewhere else.
>
>  . . . .
>
> ". . . The Court is ordering that the underlying sentence be served."

The district court's decision to revoke Morales' probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Morales has failed to show that the district court abused its discretion by revoking her probation and ordering her to serve her original prison sentence.

Affirmed.